Sutliff, T.
Formerly there was thought to be serious objections 'to any amendment of the records of a court. And while at common Jaw all mistakes occurring before the judges during the term were .amendable, they “were strictly required to record the parols or •pleadings deduced before them in judgment; but they were not to erase their' records or amend them, nor record against their enrollment.” After judgment, when the proceedings were regarded .as enrolled, the record was considered no longer subject to any .alteration, and was held to import absolute verity. But owing to the frequent occurrence in records of slight clerical mistakes, it was found necessary as early as 14 Ed. III., c. 6,. by statute, to provide that the misprision of the clerk “in writing one syllable or letter too much or too little,” should not render the process null, but that the same might, when objected to, be duly amended. It was not, however, until the 8th of Hen. YI., c. 12 and 15, that the judges were allowed to amend what they in their discretion should regard the misprision of their clerk in their records. Although the more modern English statutes have been remarkably liberal in ■allowing amendments for the furtherance of justice, while the proceedings were in paper, those statutes have never been extended to *the amendment of the record. And the English statutes ■of amendment have generally been followed in this regard by the ■statutes of amendments of the most of the states, and with but few ■exceptions, until quite recently.
In many of the states at this time, however, there is a great confusion and want of unanimity in the decisions, owing to statutory provisions upon the subject of amendments.
The State of New York seems to have been among the first of the states to extend a liberal statute of amendments to the record. Her revised statutes of 1829 allowed “ any defect or imperfection in matter of form, contained in the record,” . . . “ to be rectified and amended by the court in affirmance of the judgment,” . . . and that any variance in the record from any process, pleading, or *422 proceeding had in such cause, should be reformed and amended according to such original process, pleading, or proceeding. (
It is provided by section 5, of chapter 181, of the code adopted by Virginia in 1849, that the court, or the judge thereof in vacation, may on motion amend any judgment or decree rendered, by correcting any mistake, miscalculation, or misrecital of any name, sum,, quantity, or time, when the same is right in .any part of the record or proceeding, or when there is any verdict, report of a commissioner, bond, or other writing whereby such judgment or decree-may be safely amended, upon reasonable notice to the opposite-party, at any time within five years from the date of the judgment or decree.
It is provided by the 137th section of our Code of Civil Procedure as follows:
“ The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistako in any other respect, or by «inserting other allegations' material to the ease, or when tbe amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable-thereto by amendment.”
The amendment of the record before us not being allowable at common law, necessarily depends for its validity upon this section-of our code. The language of the provision might seem to give the-courts the same right to amend after as before judgment. But evidently the common-law rules, and the maxim that the record imports absolute verity, should confine amendments, after judgment, to cases where there is something to amend by; while cases very frequently occur in which it is very proper to allow amendments-before judgment, independent of any such restriction.
This distinction between the allowance of amendments before and after judgment, I think, will be found generally recognized by the decisions made under the statute of amendments of New York,, referred to, and under the provisions of their code, which is similar to ours, as well as bv the express provision of the Virginia code, *423 And, I doubt not, the same distinction will be found to generally prevail under similar statutes of jeofails of other states.
With these preliminary remarks, let us recur to the record before-us. Are the amendments therein made within the reasonable purview of section 137 of our code?
The amended record comes before us in somewhat of an irregular manner; but we think it may properly be regarded as an amended record, as if presented to us by certiorari on suggestion of diminution, since the case has been so treated by counsel of the respective parties.
In this view of the case, the following amendments appear to-have been made in the record, and under the following *circumstances, after the proceedings in error were commenced and pending in the district court. The petition, upon which the judgment sought to bo reversed, was entered, stated the right of action existing upon a certain bill of exchange, attached to the petition, to belong to J. D. Eigour and others; and the petition also described the bill as one drawn for $16. The judgment was rendered upon the bill, which was in fact for $1,600, and for the true amount due, and $16 exchange, not due. The bill also appeared to be in favor o'f J. D. Eigour solely, and not J. D. Eigour and others. It thus appears, upon inspecting the record, that the judgment was correctly rendered in- accordance .with the contract, except as to the $16 exchange; and that there were two errors in the petition, to wit: laying the right of action in J. D. Eigour and others, instead of J. D. Eigour solely, and in describing the bill of exchange as drawn for $16, instead of $1,600. We think the record itself afforded ample means whereby to amend; and that the amendment being to sustain the judgment, which was evidently correct upon amendment, and the remittance of the $16 exchange (which defendants make), is for the furtherance of justice, and clearly within the purview of section 137 of the code.
The judgment of the court of common pleas must therefore be affirmed, except as to said $16 exchange so remitted. But as the amendments and remittance of the exchange have been made since the commencement of the proceedings in error, the petition in this case must be dismissed at the costs of the defendants in error.
Brinkerhofe, C. J., and Scott, Peck, and Gholson, JJ., concurred.